# United States District Court
## Central District of Illinois

Gerardo Jasso #R74170

— Plaintiff —

vs.

① Internal Affairs Roy L. Little of Hill Correctional Center;

② Adjustment Committee chair person Alexander L. Stuart of Hill Correctional Center;

③ Adjustment Committee member Jamar A. Range of Hill C.C.;

④ Warden/Chief Administrator Officer Tyrone L. Baker of Hill C.C.;

⑤ Internal Affairs Lt. John Doe I.A. Supervisor of Hill C.C.;

⑥ Health Care Administrator John/Jane Doe of Hill Correctional Center;

⑦ Director of Nurses John/Jane Doe of Hill Correctional Center;

Case No:

Honorable Judge:

**FILED**

JUN - 7 2024

CLERK OF COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

① of ⑲

4:24-cv-04101-JES    # 1    Filed: 06/07/24    Page 2 of 25

(2) of (18)

(8) Dentist John / Jane Doe )
of Hill Correctional Center ; )

(9) Counslor CCII Tim Shotts of — )
Hill Correctional Center ; )

— Defendant(s) —

AT "all" times where "all" above named
Defendants relevant to this complaint —

Complaint Pursuant to 42 U.S.C 1983,
And what ever else this honorable court
deems Just —

(1) Now comes the Plaintiff, Gerardo
Jasso #R74170, Pursuant to 42 U.S.C
1983, and respectfully request this
honorable court to grant Plaintiff
Gerardo Jasso the relief sought
here in this complaint seeking redress
for violations of plaintiff Jasso rights
being constitutional quarnteed by
the constitution.
                    — Parties —
(2) Plaintiff Gerardo Jasso #R74170 is
currently housed at Lawrence Correct —

(2) of (18)

(3) of (18)

ional Center, violations occurred
at Hill Correctional Center resulting
in wrongful transfer to Lawrence C.C.,
at all times Plaintiff is relevant
to this complaint, an inmate confinded
at the Illinois Department of Correc-
tions (IDOC). Plaintiff is currently
held at Lawrence C.C., But violation's
occurred at Hill C.C., being Due process,
Procedures violations via 504, Due
process of medical treatment and proced-
ures but not limited to medical Holds
before a transfer etc, 8th Amendment
Violations medically wise, No Treatment,
ignored medical request for medical Att-
ention via nurse sick call forms Plaintiff
sunt to Hill C.C. Health Care Unit and
what ever else this honorable court deems
Just and appropriate, in review of
this entire complaint.
— Defendants —
(3) Defendants "All" below were "All" employed
at Hill Correctional Center —
A) Internal Affairs Roy L. Little;
B) Adjustment Committee chair person
Alexander L. Stuart;
C) Adjustment Committee member

④ of ⑱

Jamar A. Range;

D) Warden/CAO Tyrone L. Baker

E) Internal Affairs Lt. Supervisor John Doe;

F) Health Care Administrator John/Jane Doe;

G) Director of Nurses John/Jane Doe;

H) Dentist John/Jane Doe;

I) Counslor CCII Tim shotts;

At "all" times were "All" above, Defendants relevant to this complaint, "All" Defendants are or were employed by (IDOC) at Hill Correctional Center or threw Contract with wexford Health Sources threw IDOC.

— Previous Law Suits —

④ Plaintiff Jasso has never filed a law suit in the past, and Plaintiff's Social security number is #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.

— Grievance Procedures —

⑤ Plaintiff filed grievance #23-10-222 dated 10/4/23 in regards of medical refusal to be seen/Treatment refusal etc, which was forwarded to HCU for review, per CCII Counslor Tim shott response at first level and Denied at second and third, also grievance is

⑤ of ⑱

Stamped recieved 1/22/24 for ARB third
Stage. Plaintiff filed Grievance Dated
11/20/23 Grievance in regards to Disci-
plinary report Dated 9/13/23, in regards
to Due process violations of hearing,
Due process violations of requirements
that prison officials independently suppose
to establish the reliability and credibility
of confidential informants, Due process
violations of transfer and security level
Demotion wrongfully, Due process violat-
ion of having a bylingle personel avai-
lable being plaintiff have trouble with
hearing and understanding english, Plaintiff
is haspanic, mexican Decendent. And
also that the Confidential informant
was under investigation his self "clearly"
Deemed un-reliable / un-credibile. Also
filed a second grievance at Lawrence
C.C. in regards to medical Denial treat-
ment at Hill C.C. and medical Hold
refusal before transfered from Hill C.C.
violations of Healthcare Admin and DON
Jane John Does of Hill C.C., and CCII
counslor Tim Shotts forward "several" req-
uest for review about plaintiffs Dental
issue Hill Health care refuse to Act. This

⑤ of ⑱


Grievance has Disappeared and Plaintiff has wrote Grievance officer Garrett of Lawrence C.C. over #5 times he refused to point Plaintiff in the next direction or even what to do next about the missing grievance? Plaintiff then wrote Directly to ARB addressed to Director Latoya Hughes and still recieved no response about missing grievance.

— Statement of Claims —

⑥ On 8/7/23 investigator Roy L. Little of internal Affairs and white shirt Lt. John Doe placed Plaintiff under investig- ation and put Plaintiff in segergation at Hill Correctional Center. Plaintiff never recieved a actual Disciplinary report untill 9/13/23 which internal Affairs only have # 30 Days to hold Plaintiff in segergation which the # 30 Day would of been 9/7/23 from 8/7/23 which states first Due process violation "plesse" see Adjustment Committee final summary attached to this complaint. Signed by CAO warden Tyrone L. Baker on 9/27/23. CAO Baker refused to Act, protect, or interven which CAO Baker should of reviewed Adjustment Committee final summary which shows that Plaintiff was

first, violated of Due process to be served
a Disciplinary report before 9/7/23 not
9/13/23, second, Adjustment Committee
final summary "clearly" states how confid-
ential source was under investigation
his self and shifted unto Plaintiff which
Defendants allowed this illegal act to occur
Defendants Roy L. Little, and internal
Affairs Lt. white shirt John/Jane Doe
as well as Defendants Adjustment Committee
chair person Alexander L. Stuart and
Adjustment Committee member Jamar A.
Range especially when Plaintiff asked
for a interpentur being Plaintiff lacked
understanding of english some what and
knowledge of specific words used in wrong-
ful hearing. Plaintiff also was Denied
to question confidential source #1 or
(Identity confidential source) that was
withheld. Also Defendants Little, Stuart,
and Range also violated the bald assert-
ion by an unidentified person, without
more, which can not constitute some
evidence of guilt, Also other safeguards
were bypassed and violated. Not limited
to credibility and reliability. Being confid-
ential source #1 was under investigation



himself. Defendants did not meet the
#4 standards of reliability ① the oath
of the investigating officer as to the
truth of his report containing confidential
information and his appearance before the
disciplinary committee ...; ② corrobora-
ting testimony ...; ③ a statement on
the record by the chairman of the dis-
ciplinary committee that, "he had first
hand knowledge of the sources of inf-
ormation and considered them reliable
on the basis of 'their past record of
reliability,".....; or ④ in camera, review
material documenting the investigator's
assessment of the credibility of the
confidential informant.

⑦ Also Defendants Stuart and Range violated
the sound discretion forecloses confrontat-
ion and cross-examination and need for
the hearing officer to conduct an inde-
pendent assessment of informant credibi-
lity to ensure fairness to the accused
inmate is heightened" | Also they failed
to come forward with such evidence to
amount to an admission which shows Defend-
ants Stuart, Range, Little, and Internal Affairs

Lt. supervisory John / Jane Doe did not
meet legal requirements or Due process.
A requirement purposly to both foster
reliable prison investigations and to enable
meaningful appellate review. Also Defend—
ants suppose to create and perserve a record
of assessments of reliability of Confidential
Informants. Also they showed no evidence
of reliability by this under investigation
himself confidential source # 1.

(8) Then Plaintiff asked for a mexican Decend—
ent to interpert for plaintiffst hearing
and Defendants Denied plaintiff that
accommadation also found plaintiff
gvilty of 104 Dangerous Contraband and
203 Drugs and Drug Paraphernalia and
imposed Disciplinary of # 3 months C-grade,
# 6 months segergation, and a Disciplinary
Transfer to a worster prison and Dropped
plaintiff security level to maxium security
from medium and transfered Plaintiff to
Lawrence Correctional Center, then once
at Lawrence C.C. plaintiffs charges
were dropped to a 601 Aiding and ab—
etting, attempt, solicitation or conspiracy
which was not Sotated in original Disc—


iplinary report and plaintiff had no
hearing for this altering of hearing
and Disciplinary report but plaintiff
Still was transfered which 601 charge
Does not state Disciplinary Transfer
or Drop Security level to maximum
Security which is another Due process
violation. Also they Dropped Plaintiffs
6 month too but didn't change any
other Discipline from original charges
of 104 and 203.

9) In regards to the medical issue plaintiff
had Subjected upon him while housed in
Segergation for wrongful investigation and
Illegal hearing plaintiff on 10/3/23
around 12:30 p.m. which Plaintiff had
Just came back to his segergation cell #7
and attemped to eat his lunch tray
to be exact his meatballs and he bit down
on a meatball and plaintiffs tooth
broke in half, pushed up in his gums, an-
other piece of his tooth was wedged pain-
fully in his gums causing excruciating "severe"
pain which plaintiff was bleeding severely
wouldnt stop and plaintiff wrote "several"
request slips to Hill Health care unit Doctors,

(11) of (19)

Hill Health Care administrator, Hill Health Care Director of nurses, Hill Health Care Dentist and wrote CC11 counslor Tim Shotts. No one ever seen plaintiff for his complaints of Dental bleeding, pain, tooth broke, and piece of tooth stuck in his gums and plaintiff wrote to Hill health care Administrator John/Jane Doe that pain is resulting in plaintiff not being able to consume food (eat). No one ever seen or Acted on plaintiffs medical issues, Dental, pain etc even bleeding "oral".

(10) Also Plaintiff was held in segergation from 8/7/23 untill finally recieved Disc-iplinary ticket on 9/13/23 which there is a process thats Due to uphold Due process, cruel and unusual punishment, and conditions of confindment estabished by IDOC, 504, federal Due process clause that internal affairs prison personel only have #30 Days to hold a inmate in seger-gation under Investigation status unless internal Affairs get approval for an extension by CAO then Baker which they didnt and they went over #6 Days then served plaint-


iff a Disciplinary report on 9/13/23, see
Adjustment committee final summary
Attached to this complaint.

(11) Plaintiff has suffered a liberty interest
as well as a atypical and significate
hardship for plaintiff lost his fiance
which was planning to get married
while plaintiff was at Hill correctional
center, you cant obtain marriage
certificate or approval while plaintiff
is on C-grade or charged with a
one or two series charge 304 like
plaintiff was charged with 104 and
203,504 charges also Plaintiff cant
call fiance in segergation or on C-grade.
This wrongful act by Defendants created
a complete Disfunction for plaintiffs
support system, family, fiance "etc".

(12) Plaintiff respectfully request that this
honorable court issue a judgement find-
ing that all Defendants violated Plaintiffs
Constitutional rights as guaranteed by
the constitution 8th, 1st retaleation, 14th
Due process, racial Discrimination, failure to
Act, protect, and interven by CAO Baker etc,

Plaintiffs Disciplinary report writtened on 9/13/23 was writtened in violation of A.D. 504.30 preparation of Disciplinary reports which also is a Due process violation should of been expunged but plaintiff was imposed Discipline of 6 months segergation and Transfer Displinary security level dropped from medium to maxium security, and 3 months C-grade. by Defendants Stuart and Range also CAO Baker, On 11/1/23 Plaintiff was transfered to Lawrence correctional center, on 2/6/24 Plaintiff recieved a letter in response to grievance sunt to Administrative review board saying that the 104 Dangerous Contraband was not Substantiated / Sustained as a charge and ARB Deleted the charge, But futher violated Plaintiffs Due process by reducing the 203 Drugs and Drug paraphernalia to a 601 Attemp charge, which violates A.D. 504.30 preparation of Disciplinary reports and Due process for the failure to comply as directed by wolff v. McDonnell and administrative review board, ARB cant reduce a hearing findings violation should of got charges 104 and 203 expunged. Also violations

8th Amendment Adequate health care, right
too, Denied access to health care, also
14th amendment violation Due process
medical Hold should of been placed upon
Plaintiff untill Dental work was complete.
"All" amendments above were" clearly"
violated by "All" Defendants named in
this complaint and what ever else this
honorable court deems Just and award
plaintiff extreme Punative, Compensatory,
and nominal Compensation.

A) $700.000 U.S.D in Compensatory
Damages;

B) $600.000, U.S.D in punative Damages;

C) what ever else this honorable jury
deems Just and proper;

— Jury Demands —

13) Plaintiff demands a trial by Jury.
Declaration under federal Rules
of civil Procedures #11.

14) I Plaintiff Gerardo Jasso #R74170
Certify to the best of my knowledge

information and exhibits enclosed in
this complaint is in full compliance
with rule #11 (A) and #11 (B) of the
federal rules of civil procedures.
The under signed also reconize that
failure to comply with rule #11 may
result in sanctions.

X _____ M. Jasso _____ #R74170

    Date  6/3/24

- Plaintiffs Address -
Gerardo Jasso #R74170
Lawrence Correctional Center
10930 Lawrence Road
Sumner, Il. 62466

(15) This lawsuit was prepared and writtened
by inmate Nirin Walls #R49110 because
Plaintiff Jasso understand "very" little
english so I Nirin Walls assited Jasso
to assure that Plaintiff access the
courts and recieve proper compensation
and understanding of his rights

              X ⟨— Walls #R49110
                        5/11/24

# GRIEVANCE

On 9-13-23 I was Falsely charged with the following charges # 104-Dangerous contraband, 203-Drugs and drug paraphernalia. I use the word <u>Falsely</u>! Because I wasn't caught doing anything. I wasn't in posession of anything. Nor was I getting high. This reporting officer I/A Little, Roy L whole investigation is solely based on a single confidential sourse word, Not someone who took an oath to serve and protect, But another Inmate such as myself. The reporting officer never considered the relationship between the (CS) and myself. I also thought if it's the word of two, it equals true. This is one confidential source word, His true intentions are Unknown. The "NARK" II Field Drug testing Kit had Been Deemed unreliable throughout this whole country in the use of law enforcement. In 2016, sheriff deputies in monroe county gorgia arrested Dash Fisher. A search of her car turned up a plastic baggie of blue crystals. When tested By the "NARK II" it came back as Methamphetamines. After it was sent to the lab it was discovered that it was Blue cotton Candy, Like the lady stated all along. please do the research. there are plenty of cases that turned out such as this one and innocent people has been placed in Jail for Nothing. The following is a brief summery of false/positives that has to do with the "Nark II" test Kit. In 2016 an Arkansas couple spent two months in Jail after the baking soda that was found in the Camper came back as cocaine. In 2017 in Florida was Jailed after the "NARK II" Field test confused his Donut glazed with meth. the New york Department of

corrections as well as Massachusetts prisons and Law Enforcement Banned the use of "NArk II" Field Drug testing Kit, once these accusations of the dealings with Drugs came back from the lab every single Person was exonerated. There's even an ongoing civil suite going on in MASSACHUSETTS on there Department of corrections case # 2184CV01713. To conclude I was Never in possession of anything. It came from the outside world sent to me. I have no connection whatsoever with the sender. I do not know them, There are not on my visiting list or phone list ect... My constitutional right of due process and equal protection of the law has been violated.

Relief: For Disciplinary Report to be Expunged.



J.B. Pritzker
Governor

Latoya Hughes
Acting Director

## The Illinois Department of Corrections

1301 Concordia Court, P.O. Box 19277 • Springfield, IL 62794-9277 • (217) 558-2200 TDD: (800) 526-0844

Name:    Jasso, Gerardo                                                    12/29/23
                                                                              Date
ID# :    R74170

Facility:  Lawrence

This is in response to your grievance received on __11/9/2023__ & 11/29/2023 This office has determined the issue will be addressed without a formal hearing. A review of the Grievance, Grievance Officer/CAO response to the grievance has been conducted. For a grievance that is direct review by the ARB, a review of the Grievance has been conducted.

**Your issue regarding: Grievance dated:** __11/6/2023__ & **Grievance Number:** _____ **Griev Loc:** __Hill__
                                              11/20/2023

☐ Medical _____

☐ Dietary _____

☐ Personal Property _____

☐ Mailroom/Publications _____

☐ Staff Conduct _____

☐ Commissary / Trust Fund _____

☐ Conditions (cell conditions, cleaning supplies, etc.) _____

☑ Disciplinary Report: Dated: __9/13/2023__ Incident # __202301716/1-HIL, wants confidential source looked into.__

☐ Other _____

**Based on a review of all available information, this office has determined your grievance to be:**

☐ Affirmed _____

☐ Denied, in accordance with DR504F, this is an administrative decision.

☐ Denied, this office finds the issue was appropriately addressed by the facility Administration.

☐ Denied as the facility is following the procedures outlined in DR525.

☐ Denied as procedures were followed in accordance with DR 420 for removal/denial from/for an assignment.

☐ Denied as this office finds no violation of the grievant's due process in accordance with DR504.80 and DR504.30. This office is reasonably satisfied the offense cited in the report was committed.

☑ Other: __104-Dangerous contraband is not substantiated; therefore, it is to be deleted. 203 - Drugs and drug paraphernalia__

is to be reduced to a 601: Attempt. 3 months C grade is to be reduced to 0 days and 6 months segregation is to be reduced

to 3 months. Warden is to ensure grievant's disciplinary card is amended. DR and remaining discipline stands. Mixed.

FOR THE BOARD:  _Margaret Madole_                    CONCURRED:  _Latoya Hughes cde_
                    Margaret Madole                                      Latoya Hughes
               Administrative Review Board                              Acting Director

CC:  Warden,  __Lawrence__                Correctional Center
       Jasso, Gerardo                     , ID#  R74170

       Record Office - Hill C.C.

*Mission: To serve justice in Illinois and increase public safety by promoting positive change for those in custody, operating successful reentry programs, and reducing victimization.*

Adjustment Committee -
              Hill C.C.                    www.illinois.gov/idoc



JB Pritzker
Governor

Latoya Hughes
Acting Director

## The Illinois Department of Corrections

1301 Concordia Court, P.O. Box 19277 • Springfield, IL 62794-9277 • (217) 558-2200 TDD: (800) 526-0844

May 8, 2024

Gerardo Jasso, R74170
Lawrence Correctional Center
10930 Lawrence Road
Sumner, IL 62466

Re:     **Freedom of Information Request #240502027**

This letter is in response to your request to the Illinois Department of Corrections ("IDOC") pursuant to the Illinois Freedom of Information Act, 5 ILCS 140/1, et seq.

You have requested a copies of confidential source #1 and identity confidential source "all" involved in IDOC 504 disciplinary report #202301716/1-HIL dated 9/13/23, also incident number 202301716/1-HIL hearing dated 9/26/23, 9:27 am.  Also Internal Affairs report and findings from Internal Affairs CO Roy L. Little between dates 8/17/23 through 9/13/23, also original ticket #202301716/1-HIL.

<u>Response:</u>     Your request is denied pursuant to 5 ILCS 140/7(1)(d)(iv) of the Freedom of Information Act ,which exempts, the release of records created by a correctional agency for law enforcement purposes which would "...unavoidably disclose the identity of a confidential source, confidential information furnished only by the confidential source, or persons who file complaints with or provide information to administrative, investigative, law enforcement, or penal agencies..."

In addition, your request is denied pursuant to 5 ILCS 140/7(1)(e) of the Freedom of Information Act which provides "Records that relate to or affect the security of correctional institutions and detention facilities."

In the event you view this response as a denial of your request, you have a right to have the denial reviewed by the Public Access Counselor (PAC) at the Office of the Illinois Attorney General.  5 ILCS 140/9.5(a).  You can file your request for review with the PAC to:

Public Access Counselor
Office of the Attorney General
500 South 2nd Street
Springfield, Illinois 62706

*Mission: To serve justice in Illinois and increase public safety by promoting positive change for those in custody, operating successful reentry programs, and reducing victimization.*

**www.illinois.gov/idoc**

You also have the right to seek judicial review of your denial by filing a lawsuit in the state circuit court, pursuant to 5 ILCS 140/11.

If you choose to file a request for review with the PAC, you must do so within 60 calendar days of the date of this denial letter (5 ILCS 140/9.5(a)). Please note that you must include a copy of your original FOIA request and this denial letter when filing a request for review with the PAC.

Sincerely,
Maggie Meikle
Freedom of Information Officer

## STATE OF ILLINOIS -- DEPARTMENT OF CORRECTIONS
### ADJUSTMENT COMMITTEE
### FINAL SUMMARY REPORT

| | | |
|---|---|---|
| **Name:** JASSO, GERARDO | **IDOC Number:** R74170 | **Race:** HSP |
| **Hearing Date/Time:** 9/26/2023  09:27 AM | **Living Unit:** HIL-OR-01-33 | **Orientation Status:** N/A |
| **Incident Number:** 202301716/1 - HIL | **Status:** Final | |

| Date | Ticket # | Incident Officer | Location | Time |
|---|---|---|---|---|
| 9/13/2023 | 202301716/1-HIL | LITTLE, ROY L | INTERNAL AFFAIRS | 12:00 PM |

| Offense | Violation | Final Result |
|---|---|---|
| 104 | Dangerous Contraband | Guilty |
| | *Comments:introducing illicit substances* | |
| 203 | Drugs & Drug Paraphernalia | Guilty |
| | *Comments:synthetic cannabinoids* | |

| Witness Type | Witness ID | Witness Name | Witness Status |
|---|---|---|---|
| **No Witness Requested** | | | |

## RECORD OF PROCEEDINGS
Charges read, individual in custody pled not guilty. Individual in custody had no statement.

## BASIS FOR DECISION
Committee finds individual in custody guilty based on:

Internal Affair/ Intel Unit Investigator Little report states that on August 7, 2023, Henry C. Hill Correctional Center Investigations Unit began an investigation on individual in custody Gerardo (NMN) Jasso R74170.  The investigation ended on September 13, 2023.

Internal Affair/ Intel Unit Investigator Little report states that on August 7, 2023, Hill C.C. Investigations Unit received custody of incoming mail addressed to individual in custody Gerardo (NMN) Jasso R74170 of one (1) large envelope concealing one comic book titled "Teen Titans" with observable pages appearing to be infused with oil substance. Investigations Unit removed samples of the suspicious pages with field test performed for illicit substances utilizing "NARK II" Narcotics Reagent Analysis Kit, the results showed positive for synthetic cannabinoids.

Written report states that mail and contents were confiscated as contraband and documented as Major Contraband per Chain of Custody.  Hill C.C. Investigations Unit submitted the illicit substance infused paper materials to the Illinois State Police Forensic Science Laboratory for forensic testing.  The results were returned showing positive for MDMB-4en-PINACA, positively identified synthetic cannabinoids.  Investigations observed that the origin outside source sender of contraband had previously introduced illicit substance infused paper materials on July 27, 2023, to a separate individual in custody (Identity confidential per investigation).  Investigation showed that Jasso had conspired along with another individual in custody (Identity confidential per investigation) to introduce the illicit substance materials by incoming mail addressed to Jasso for return of monetary payment to Jasso.

Confidential Source #1 (hereafter referred to as CS#1) stated that he had direct knowledge that Jasso R74170 had conspired with another individual in custody (Identity confidential per Investigation) the introduction of illicit substance infused paper materials to be mailed into the institution in his name in return for monetary payment.

Written report states that per Illinois State Police Division of Forensic Services, MDMB-4en-PINACA is classified as a synthetic cannabinoid.  Synthetic Cannabinoids have been reported to cause psychoactive effects similar to delta-9-tetrahydorcannabinol (THC).  Synthetic cannabinoids have caused adverse events, including deaths, as described in the literature.  5F-MDMB-PINACA (5F-ADB) is a structurally similar synthetic cannabinoid and scheduled substance in the United States.

Written report states that the confidential source has been deemed reliable on the fact that the statement corroborates the observable events per this incident investigation.  The identity of the confidential source has been withheld for the safety and security of the confidential source of the Institution.

Individual in custody Gerardo (NMN) Jasso R74170 was positively identified by Offender 360 and Institutional Graphics.

## STATE OF ILLINOIS -- DEPARTMENT OF CORRECTIONS
### ADJUSTMENT COMMITTEE
### FINAL SUMMARY REPORT

**Name:** JASSO, GERARDO          **IDOC Number:** R74170          **Race:** HSP

**Hearing Date/Time:** 9/26/2023  09:27 AM     **Living Unit:** HIL-OR-01-33     **Orientation Status:** N/A

**Incident Number:** 202301716/1 - HIL          **Status:** Final

## DISCIPLINARY ACTION  *(Consecutive to any priors)*

| RECOMMENDED | FINAL |
|---|---|
| 3 Months C Grade | 3 Months C Grade |
| 6 Months Segregation | 6 Months Segregation |
| Transfer (Disciplinary) | Transfer (Disciplinary) |
| **Basis for Discipline:104/Dangerous Contraband** | |

## Signatures
### Hearing Committee

| | Signature | Date | Race |
|---|---|---|---|
| STUART, ALEXANDER L  - Chair Person | | 09/26/23 | WHI |
| RANGE, JAMAR A | | 09/26/23 | BLK |

Recommended Action Approved

**Final Comments:** N/A

TYRONE L BAKER / TLC  9/27/2023                                         09/27/23

**Chief Administrative Officer**          **Signature**          **Date**

The committed person has the right to appeal an adverse decision through the grievance procedure established by Department Rule 504: Subpart F.

**Employee Serving Copy to Committed Person**          **When Served - - Date and Time**

| | | | | |
|---|---|---|---|---|
| **Inmate Id:** | R74170 | | **Ret Form Ind:** | |
| **Name:** | JASSO, GERARDO | | **Modify Ind:** | |
| **Chair Code:** | MAMA | | **Deny Ind:** | |
| **Grv Type:** | L | | **Favorable Ind:** | |
| **Grv Code:** | DR | | **Deferred Ind:** | |
| **Receive Date:** | 11/29/2023 | | **Moot Ind:** | |
| **Hearing Date:** | 00/00/0000 | | **Grievance Number:** | |
| **Mailing Date:** | 00/00/0000 | | **Incident Number:** | |
| **Grv Loc:** | HILL CC | | **Incident Date:** | 00/00/0000 |
| **Hearing Loc:** | LAWRENCE CC | | **Incident Inst:** | |
| | | | **Date Receipted:** | 12/05/2023 |

**Comments:**   GRV DTD 11/20/23 GRVS DR DTD 9/13/23

Assigned Grievance #/Institution: Galesburg C.C 33-10-223/#111 Housing Unit: R/U#7 Bed #: 7

1st Lvl rec: 10/26/23

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**Offender's Grievance**

2nd Lvl rec:

| Date: 10/4/23 | Offender (please print): Gerardo Jasso | ID #: R74170 | Received in: |
| Present Facility: Galesburg C.C   LAW | | Facility where grievance issue occurred: Galesburg C.C    Clinical Services |

HILL CC

**Nature of grievance:**

- [ ] Personal Property
- [✓] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Disciplinary Report

- [ ] Mail Handling
- [ ] Dietary
- [ ] Other (specify):

- [ ] Medical Treatment
- [ ] HIPAA

- [ ] ADA Disability Accommodation
- [ ] Restoration of Sentence Credit

10/4/23
Date of report

Galesburg C.C
Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Search Record, etc.) and place in the designated locked receptacle marked "grievance":

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to review by the Administrative Review Board
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor
Chief Administrative Officer, only if EMERGENCY grievance
Mail to Administrative Review Board, only if the issue involves protective custody, involuntary administration of psychotropic drugs, issues from another facility except medical and personal property issues, or issues not resolved by the Chief Administrative Officer.

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

On Oct 3, 2023 Around 12:30 pm. We had just got back from the yard. I grab my food tray. I started eating my food, which was meatballs and fries. When I bite into the meatball I felt something hard bitten into and my tooth felt out. at the time my celly witness me bleeding out the mouth with my tooth in my hand. His name is Jevonne Wilford #M38229. I was in seg at the time in cell #33. I Also put in for dentist and still haven't called me yet.

- [ ] Continued on reverse

**Relief Requested:**

I want to get compensate for my tooth and damage and pain.

- [✓] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.
- [ ] Check if this is NOT an emergency grievance.

Offender's Signature    R74170 ID#    10/4/23 Date

(Continue on reverse side if necessary)

**Counselor's Response (if applicable)**   Date Received: _____   [ ] Send directly to Grievance Officer

- [ ] Outside jurisdiction of this facility. Send to: Administrative Review Board, PO Box 19277, Springfield, IL 62794-9277

Response: Forwarded to HCU for review. Resubmit to second level for further response.

Tim Shotts
Print Counselor's Name

Sign Counselor's Name

10/30/23
Date

Note to offender: If you disagree with the counselor's response, it is your responsibility to forward grievance with counselor's response to the grievance officer.

**EMERGENCY REVIEW:**   Date Received: _____

Is this determined to be of an emergency nature?

- [ ] Yes, expedite emergency grievance
- [ ] No, an emergency is not substantiated. Offender should submit this grievance according to standard grievance procedure

**RECEIVED**

**JAN 2 2 2024**

ADMINISTRATIVE
REVIEW BOARD

_____
Chief Administrative Officer's Signature                          Date



Gerardo Jasso # R74170
Lawrence Correctional Center
10930 Lawrence Road
Sumner, Illinois · 62466

PRIVILEGED

Central
United States District Court
Peoria Division
100 N.E. Monroe Street
Room # 309
Peoria, Illinois · 61602

"Legal
Mail"